**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 06-4753**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MIGUEL DEPAZ,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. N. Carlton Tilley, Jr., District Judge. (1:05-cr-00354-NCT)

─────────────

Submitted:  October 18, 2007          Decided:  October 22, 2007

─────────────

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Jonathan William Bain Leonard, LEONARD LAW FIRM, Winston-Salem, North Carolina, for Appellant.  Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Miguel Depaz appeals from his conviction and sixty-three-month sentence imposed following his guilty plea to conspiracy to distribute cocaine. Depaz's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), challenging the validity of the plea and the reasonableness of the sentence. Depaz was advised of his right to file a pro se supplemental brief, but has declined to do so. Our review of the record discloses no reversible error; accordingly, we affirm Depaz's conviction and sentence.

We find that Depaz's guilty plea was knowingly and voluntarily entered after a thorough hearing pursuant to Fed. R. Crim. P. 11. Depaz was properly advised of his rights, the elements of the offense charged, the mandatory minimum, and the maximum sentence for the offense. The court also determined that there was an independent factual basis for the plea and that the plea was not coerced or influenced by any promises. See United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991). We find that the plea was valid.

We find that the district court properly applied the Sentencing Guidelines and considered the relevant sentencing factors before imposing the sixty-three-month sentence. 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007); see United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). Additionally, we

find that the sentence imposed—which was within the properly calculated guideline range—was reasonable.  See United States v. Green, 436 F.3d 449, 457 (4th Cir.) ("[A] sentence imposed within the properly calculated [g]uidelines range . . . is presumptively reasonable.") (internal quotation marks and citation omitted), cert. denied, 126 S. Ct. 2309 (2006); see also Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding application of rebuttable presumption of correctness of within-guideline sentence).  Accordingly, we affirm Depaz's sentence.

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal.  We therefore affirm Depaz's conviction and sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED